**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STEVEN RAY WILLIAMS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. CIV-06-1364-R |
| ) | |
| **MIKE ADDISON, WARDEN** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

Petitioner filed this action challenging the decision by the District Court of Grady County to revoke his suspended sentence. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On March 29, 2009, Judge Roberts issued a Report and Recommendation, wherein she recommended that the petition for habeas corpus relief be denied. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation.

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff has made specific objection. *See* Fed. R. Civ. P 72(b); 28 U.S.C. § 636(b)(1) (The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In 1997, Petitioner was charged in the District Court of Grady County with sixteen counts, and on May 22,1998, he pled guilty to certain of the counts. He was sentenced to ten

years with all but three years suspended on five of the counts, five years suspended on five other counts, and two years on the six remaining counts, to run concurrently. Petitioner was released from custody on January 3, 2003, under conditions of probation. Thereafter, on October 17, 2003, the State sought to revoke Petitioner's suspended sentence as a result of charges levied against him in Case No. CF-2003-364, District Court of Grady County. Following a revocation hearing the District Court of Grady County ordered that Petitioner's suspended sentences be revoked, and that Petitioner be incarcerated for a period of seven years.[1] Petitioner sought relief from the Oklahoma Court of Criminal Appeals, which affirmed the decision of the District Court on the revocation. Thereafter Petitioner filed this action, seeking relief under 28 U.S.C. § 2254. Judge Roberts recommended the petition be treated as having been filed pursuant to 28 U.S.C. § 2241, because Petitioner sought review of a revocation decision and not a criminal conviction. As noted, Judge Roberts recommended that the petition be denied on the merits, although certain of Petitioner's claims were unexhausted.

In objecting to the Report and Recommendation, Petitioner makes specific objection to Judge Roberts' conclusion that his due process rights were not violated by the revocation proceedings because the Court did not require corroboration of the testimony of the minor victim, S.J. Petitioner contends that *Morrissey v. Brewer*, 408 U.S. 471 (1972) and *Gangon*

---

[1] Petitioner was ultimately acquitted of the charges of lewd molestation regarding his step-daughter, in part the basis for revocation of his suspended sentence.

*v. Scarpelli*, 411 U.S. 778 (1973), required that State present evidence to corroborate the victim's testimony, which Petitioner contends was incredible.[2]

In both *Morrissey* and *Gangon*, the Supreme Court concluded that with regard to parole revocation and probation proceedings, respectively, a prisoner is not entitled to the full panoply of rights afforded to a defendant in a criminal proceeding. Rather, due process at a minimum requires: (1) written notice of the claimed violation; (2) disclosure of the evidence against the defendant; (3) the opportunity to be heard and present evidence; and (4) the right to cross-examine adverse witnesses. See *Morrissey*, 408 U.S. at 489. Petitioner received all of this, but contends that the language of *Morrissey*, wherein the Court noted that "[w]hat is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior," translates into a constitutional requirement that the testimony of the minor victim be corroborated by other evidence. The fact that evidence must be presented to a neutral fact-finder before a suspended sentence can be revoked does not translate into the more substantial burden that Petitioner is attempting to place on the State. Nothing in *Morrissey* or *Gangon* created a constitutional requirement of corroborating testimony. Additionally, nothing in the victim's preliminary hearing testimony, which was introduced in the revocation proceedings in lieu of live testimony, was inherently incredible. Finally, as set forth below, there was sufficient evidence from which

---

[2]. As noted, Petitioner was acquitted of the charges of lewd molestation. However, the burden of proof on the State in a revocation proceeding is a preponderance of the evidence, less onerous that the beyond a reasonable doubt standard applicable in a criminal prosecution.

the District Court of Grady County could conclude that Petitioner violated the terms of his suspended sentence. Petitioner is not entitled to habeas corpus relief on the basis that there was no evidence to corroborate the victim's testimony. The Court therefore adopts the Report and Recommendation in this regard.

Petitioner next contends that Judge Roberts erred in concluding that the evidence was sufficient to establish that he had violated the terms of his suspended sentence. Petitioner contends that the testimony of the victims was entirely incredible, and therefore, although this Court does not operate as a trier-of-fact in habeas corpus petitions, the testimony of the victims should be entirely disregarded.

On direct appeal, the Oklahoma Court of Criminal Appeals concluded that the District Court of Grady County had not abused its discretion in revoking Petitioner's suspended sentence. Judge Roberts recommends utilizing the deferential standard set forth in 28 U.S.C. § 2254 for purposes of analyzing this claim, and Petitioner does not object thereto. Accordingly, Petitioner is entitled to relief only if he can establish that the decision of the Oklahoma Court of Criminal Appeals with regard to his sufficiency of the evidence claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2).

In the revocation proceedings it was alleged that Petitioner committed three counts of lewd molestation, one count of indecent proposal or act to a child under sixteen and one

count of indecent exposure. Judge Roberts concluded, and Petitioner does not challenge, that the State was required to prove by a preponderance of the evidence that any of the various allegations from either of the alleged victims was more probably true than not. Judge Roberts thereafter considered the evidence presented, which this Court has reviewed, and concluded that the evidence was sufficient to support the finding that Petitioner had violated the conditions of his probation by engaging in unlawful sexual conduct. Judge Roberts noted Petitioner's challenges to the credibility of the victims, and he provides no basis for finding the victims entirely incredible and disregarding their testimony. Accordingly, the Court adopts Judge Roberts' conclusion with regard to Petitioner's sufficiency of the evidence claim and Petitioner is not entitled to habeas corpus relief on this basis either.

Having conducted the requisite *de novo* review, and for the reasons set forth herein, the Petition filed pursuant to 28 U.S.C. § 2254, but construed pursuant to 28 U.S.C. § 2241, as a challenge to the revocation of a suspended sentence, is hereby DENIED. Judgment shall be entered in favor of the Respondent. The Report and Recommendation is ADOPTED IN ITS ENTIRETY.

It is so ordered this 19th day of June 2009.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE